Peter L. Recchia (Bar No.: 77857)
LAW OFFICES OF PETER L. RECCHIA
1605 E. 4th Street
Santa Ana, CA 92701
(714) 541-2858
(714) 541-6880 - Fax

Attorney for Plaintiff, Shireen Janti and All Others Similarly Situated

FILED

2009 SEP -8 PM 3: 53

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIREEN JANTI, individually, and On behalf of All Others Similarly Situated,<br><br>        Plaintiffs,<br><br>        vs.<br><br>ENCORE CAPITAL GROUP, INC., MIDLAND FUNDING LLC, MIDLAND CREDIT MANAGEMENT, INC. and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No.: '09 CV 1969  JLS CAB<br><br>CLASS ACTION COMPLAINT FOR DAMAGES FOR UNFAIR DEBT COLLECTION PRACTICES, 15 USC 1692 ET SEQ. AND CA CIVIL CODE 1788 ET SEQ., VIOLATION OF CREDIT REPORTING LAW, 15 USC 1681 ET SEQ., AND UNFAIR BUSINESS PRACTICES, CAL. B & P CODE SEC. 17200 ET SEQ.<br><br>DEMAND FOR JURY TRIAL |

Plaintiff alleges:

### JURISDICTION AND VENUE

1.    Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. 1331, 15 U.S.C. 1692k(d) and 15 U.S.C. 1681p, in that the claim arises under the laws of

1

the United States.    The Court has supplemental jurisdiction pursuant to 28 U.S.C. 1367 to hear and determine Plaintiff's state law claims because those claims are related to Plaintiff's federal claims and arise out of a common nucleus of operative facts and form part of the same case or controversy under Article III of the United States Constitution.

2.    Venue is proper in the Southern District of California pursuant to 28 U.S.C. 1391(b) in that Defendants have a principal business address of 8875 Aero Drive, Suite 200, San Diego, California 92123.

**PARTIES**

3.    Defendant, Encore Capital Group, Inc. [ENCORE], is the parent company of its subsidiaries Midland Funding, LLC, [MIDLAND] and Midland Credit Management, Inc. [MCM], the co-defendants herein. All three are located at the same address in San Diego, California. ENCORE engages in purchasing and managing charged-off consumer receivable portfolios, including unsecured and charged-off domestic consumer credit cards, auto loan deficiency, general consumer loans, and telecom and healthcare receivables purchased from financial institutions, retail credit corporations, telecom companies, and resellers of portfolios.  As part of its business activity, ENCORE and its subsidiaries, the co-defendants herein, engage in debt collection activity against consumers such as Plaintiff herein, and those similarly situated, and report evidence of the status of

2

delinquent debts to the various national consumer credit reporting agencies as furnishers of information to consumer reporting agencies.   The information regarding the debts is subsequently maintained and reported by the credit reporting companies to third parties associated with Plaintiff's, and those similarly situated, names.   ENCORE is subject to the provisions California's Fair Debt Collection Practices Act, Civil Code Sec. 1788 et seq., as a debt collector [as defined in Sec. 1788.2(c)].  ENCORE is also subject to the provisions of 15 United States Code Sections 1692b through 1692j, and the remedies section of 15 United States Code 1692k, as provided for in Civil Code Section 1788.17, and federal credit reporting law, 15 U.S.C. 1681 et seq.

4.     Defendant, Midland Funding LLC [MIDLAND], is a company with an address of 8875 Aero Drive, Suite 200, San Diego, California 92123, operating as a debt collection/collector business, as the term is defined by 15 U.S.C. 1692a(6).  MIDLAND is a subsidiary of its parent company, ENCORE, and an affiliate of co-defendant, Midland Capital Management, Inc. [MCM].  As part of its business activity, MIDLAND engages in debt collection activity against consumers such as Plaintiff herein, and those similarly situated, and reports evidence of the status of delinquent debts to the various national consumer credit reporting agencies as a furnisher of information to consumer reporting agencies. The information regarding the debts is subsequently maintained and reported by

3

the credit reporting companies to third parties associated with Plaintiff's, and those similarly situated, names.   MIDLAND is thus subject the provisions California's Fair Debt Collection Practices Act, Civil Code Sec. 1788 et seq., as a debt collector [as defined in Sec. 1788.2(c)].  MIDLAND is thereby also subject to the provisions of 15 United States Code Sections 1692b through 1692j, and the remedies section of 15 United States Code 1692k, as provided for in Civil Code Section 1788.17, and federal credit reporting law, 15 U.S.C. 1681 et seq.

   5.   Defendant, Midland Credit Management, Inc. [MCM], is a corporation with a headquarters address of 8875 Aero Drive, Suite 200, San Diego, California 92123, operates as a debt collection business, and is a debt collector, as the term is defined by 15 U.S.C. 1692a(6).  MCM is a subsidiary of its parent company, ENCORE, and an affiliate of co-defendant herein, MIDLAND, Inc.  As part of its business activity, MCM engages in debt collection activity against consumers such as Plaintiff herein, and those similarly situated, and reports evidence of the status of delinquent debts to the various national consumer credit reporting agencies as a furnisher of information to consumer reporting agencies. The information regarding the debts is subsequently maintained and reported by the credit reporting companies to third parties associated with Plaintiff's, and those similarly situated, names.  MCM is thus subject the provisions California's Fair Debt Collection Practices Act, Civil Code Sec. 1788 et seq., as a debt collector [as

Class Action Complaint for Damages for Unfair Debt Collection Practices,
Violation of Credit Reporting Law, and Unfair Business Practices

defined in Sec. 1788.2(c)].    MCM is thereby also subject to the provisions of 15 United States Code Sections 1692b through 1692j, and the remedies section of 15 United States Code 1692k, as provided for in Civil Code Section 1788.17, and federal credit reporting law, 15 U.S.C. 1681 et seq.

6.    Plaintiff, and those similarly situated, are consumers and debtors as defined in 15 U.S.C. 1692a(3), Civil Code 1788.2(h), and 15 U.S.C. 1681a(c).  The debt at issue in this complaint originated between Plaintiff and Defendants' assignor at the time Plaintiff resided in Costa Mesa, Orange County, California. The unfair debt collection practices and inaccurate credit reporting alleged herein and the resulting damages to Plaintiff stem from the debt described below, and the subsequent assignment of the debt to Defendants herein.  Plaintiff is informed and believes and thereon alleges that the conduct and statutory violations directed toward her by the Defendants is typical of the conduct directed to large numbers of other consumers in the State of California and throughout the United States by the Defendants.  As such Plaintiff files this case as a Class Action and will seek Class Certification and damages on behalf of all those similarly situated.

7.    Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes, and

thereon alleges, that each of such fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages, and those similarly situated, as herein alleged were proximately caused by such Defendants' acts.

8.     At all times herein mentioned, each of the Defendants was an agent, servant and employee of each of the remaining Defendants, and in doing the things hereinafter described was acting within the course and scope of such agency, servitude and employment, and with the permission and consent of his or her-Defendants.  Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, did join together in their conduct and formed a civil conspiracy to violate the rights of Plaintiff and those similarly situated.   Each of the Defendants in furtherance of the conspiracy did one or more acts as alleged herein by lending aid and encouragement to and/or ratifying or adopting the acts of the others of these Defendants in the manner alleged herein and in specific by ratifying and adopting the unfair debt collection practices and false credit reporting as alleged in this complaint.

9.     Any unlawful act or omission committed in violation of any statute is an unfair business practice, as defined in Business and Professions Code 17200, which subjects the Defendants to the provisions of 17203 of the Business and Professions Code to enjoin any further such unlawful acts or omissions.  Plaintiff

alleges herein that defendants, and each of them, violated California Civil Code Sec. 1788 et seq., incorporating 15 USC 1692 et seq., and 15 U.S.C. 1681 et seq., and as such, is entitled to injunctive relief prohibiting further violations.

## CLASS ACTION ALLEGATIONS

10.     Pursuant to California Civil Code Section 1781, Rule 23 of the Federal Rules of Civil Procedure, and Civil Code Sec. 1788 et seq., incorporating 15 USC 1692k under Civil Code Section 1788.17, and 15 U.S.C. 1681p, Plaintiff brings this action as a Class Action on behalf of herself and all others similarly situated as members of the proposed Class, with five sub-classes.  The five sub-classes are defined as follows:

A.     The California Class: All individuals in the State of California who were sent debt collection letters by Defendants between November 27, 2007 and the present when collection on the debt was barred by the applicable statute of limitations based upon the original delinquency date of the underlying debt.

B.     The Nationwide Class: All individuals in the United States who were sent debt collection letters by Defendants between November 27, 2007 and the present when collection on the debt was barred by the applicable statute of limitations based upon the original delinquency date of the underlying debt.

C.     The California Class: All individuals in the State of California who were sued by Defendants between July 28, 2008 and the present when the lawsuit

7

was barred by the applicable statute of limitations based upon the original delinquency date of the underlying debt.

D.     The Nationwide Class:  All individuals in the United States who were sued by Defendants between July 28, 2008 and the present when the lawsuit was barred by the applicable statute of limitations based upon the original delinquency date of the underlying debt.

E.     All individuals in the United States who debts were reported by Defendants to any credit reporting company between November 27, 2002 and the present associated with a debt collected upon by Defendants, when the reporting of the debt was barred by the applicable statute of limitations for credit reporting.

11.     Class action treatment is appropriate here because:

A.     Questions of law and fact are common to the Class, which questions predominate over any questions peculiar to individual Class members.

B.     Plaintiff has the same claims as the members of the Class.  All claims are based on the same factual and legal theories.

C.     Plaintiff will adequately and fairly represent the Class members.

D.     Plaintiff has retained counsel experienced in prosecuting claims arising under Fair Debt Collections Practices and Credit Reporting law.

12.    For these reasons, certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure and California Civil Code section 1788.17 is appropriate.

## FACTUAL ALLEGATIONS

13.    At some time in 1997 or 1998, Plaintiff opened a credit account with FCNB-Spiegel. At the time the account was opened Plaintiff resided in Costa Mesa, Orange County, California. Plaintiff incurred charges on the FCNB-Spiegel account through 1999. The account then became delinquent and no payments were made by Plaintiff toward the outstanding balance.    Plaintiff is informed and believes and thereon alleges there was no activity by way of charges to or payments toward the FCNB-Spiegel account beyond the year 2000, or earlier.

14.    In November, 2008, Plaintiff received a "Pre-Legal Notification" debt collection letter from MCM indicating the FCNB-Spiegel account was purchased by MIDLAND and is serviced by MCM.  The letter listed a current balance of $3,690.18, and demanded a partial payment of $250. The letter stated if Plaintiff sent MCM $250 she could stop this account from going to an attorney. The MCM letter also stated once payment is received, Plaintiff's credit report will be updated with payments made and when all payments were made to settle the account, Plaintiff's credit report will be updated as "Paid in Full."

Class Action Complaint for Damages for Unfair Debt Collection Practices,

Violation of Credit Reporting Law, and Unfair Business Practices

15.    Plaintiff alleges this collection letter and its contents violate fair debt collection practices law in that MCM misrepresented the character, amount, or legal status of Plaintiff's debt in violation of 15 U.S.C. 1692e(2)(A); threatened action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. 1692e(5); used false, deceptive or misleading representations or means in an attempt to collect a debt in violation of 15 U.S.C. 1692e and 1692e(10); and by indicating MCM was reporting information regarding the debt to credit reporting companies, which was inaccurate, violated 15 U.S.C. 1681s-2(a)(1)(A). MCM's reporting a debt, as a furnisher of information to a credit reporting company, which is beyond the statute of limitations for credit reporting [beyond 7 years, 15 U.S.C. 1681c(a)(4), ], is inaccurate.

16.    On July 27, 2009, MIDLAND filed a lawsuit against Plaintiff. The lawsuit included and was supported by an affidavit of an MCM employee.  The affidavit contains no facts as to the date the account was opened, when any charges were made to the account, or when any payments were made to the account.  The affidavit provides no date that supports allegations the lawsuit was filed within the time frame of the applicable statute of limitations for collecting and suing on a debt.   The affidavit does not include Plaintiff's name as the party responsible for the account.

10

17. On August 21, 2009, Plaintiff filed a Pro Se Answer to the MIDLAND complaint, asserting the affirmative defense of statute of limitations, and paid the Court a $50.00 filing fee.

## FIRST CAUSE OF ACTION

Violation of 15 U.S.C. 1692e(2)(A); 15 U.S.C. 1692e(5); 15 U.S.C. 1692e and 1692e(10), as provided for in Civil Code Section 1788.17.

18. Plaintiff realleges and incorporates by reference paragraphs 1 through 17, as if set forth herein.

19. At some time in 1997 or 1998, Plaintiff opened a credit account with FCNB-Spiegel. At the time the account was opened Plaintiff resided in Costa Mesa, Orange County, California. Plaintiff incurred charges on the FCNB-Spiegel account through 1999. The account then became delinquent and no payments were made by Plaintiff toward the outstanding balance. Plaintiff alleges there has been no payment activity or charges made to the FCNB-Spiegel account, or payment made to any debt collectors collecting on the account, since the year 2000, or earlier.

20. As a result of the collection tactics Defendants, and each of them, by mailing Plaintiff a letter that attempted collection of a time-barred debt, and then suing on the debt, as alleged in paragraphs 13 through 16 above, Defendants, and each of them, violated fair debt collection practices law in that MCM:

11

a.      Misrepresented the character, amount, or legal status of Plaintiff's debt in violation of 15 U.S.C. 1692e (2) (A);

b.      Threatened action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. 1692e (5);

c.      Used false, deceptive or misleading representations or means in an attempt to collect a debt in violation of 15 U.S.C. 1692e and 1692e (10), as incorporated by California Civil Code Section 1788.17.

21.     Plaintiff is informed and believes and thereon alleges that the conduct and statutory violations directed toward her by the Defendants is typical of the conduct directed to large numbers of other consumers in the State of California and throughout the United States by the Defendants.  As a proximate result of Defendants' above-described actions, Plaintiff, and each those similarly situated, are entitled to actual damages, to a civil penalty from Defendants for each violation, which shall not be less than $100.00 nor greater than $1,000.00, to punitive damages, and Plaintiff and the Plaintiff Class are entitled to recover all attorney's fees, costs, and expenses incurred in bringing this action.  The violations include the number of times and frequency of Defendants' engaging in unfair debt collection activity and filing lawsuits against consumers for time-barred debts.

## SECOND CAUSE OF ACTION

### Violation of 15 U.S.C. 1681s-2(a)(1)(A)

22.     Plaintiff realleges and incorporates by reference paragraphs 1 through 21, as if set forth herein.

23.     In November, 2008, Plaintiff received a "Pre-Legal" debt collection letter from MCM indicating the FCNB-Spiegel account was purchased by MIDLAND and is serviced by MCM.  The letter was dated November 26, 2008.  The letter listed a current balance of $3,690.18, and demanded a payment toward the balance of $250.  In exchange for payment the MCM letter indicated Plaintiff's credit report will be updated with the payments made and when all payments were made to settle the account, Plaintiff's credit report will be updated as "Paid in Full."     No activity had occurred on the FCNB-Spiegel account since before the year 2000, or earlier, thus barring the FCNB-Spiegel account from being reported to credit reporting companies by MCM.

24.     MCM is a "furnisher" of credit information to credit reporting companies and has responsibilities as a furnisher of information to consumer reporting agencies under 15 U.S.C. 1681s-2.  MCM's November 26, 2008, letter to Plaintiff indicating MCM was reporting information regarding the FCNB-Spiegel debt to credit reporting companies, violated 15 U.S.C. 1681s-2(a)(1)(A), because MCM's reporting a debt beyond the statute of limitations for credit reporting [beyond 7 years, as prohibited by 15 U.S.C. 1681c(a)(4)], furnishes credit reporting companies information that is obsolete and inaccurate.

25. Plaintiff is informed and believes and thereon alleges that the conduct and statutory violations directed toward her by the Defendants is typical of the conduct directed to large numbers of other consumers in the State of California and throughout the United States by the Defendants.   As a proximate result of Defendants' above-described actions, Plaintiff, and each those similarly situated, are entitled to actual damages, to punitive damages, and Plaintiff and the Plaintiff Class are entitled to recover all attorney's fees, costs, and expenses incurred in bringing this action.

## THIRD CAUSE OF ACTION

For Unlawful Business Practices in Violation of California
Business and Professions Code Sec. 17200 et seq.

26. Plaintiff realleges and incorporates by reference paragraphs 1 through 25, as if set forth herein.

27. Defendants, and each of them, have engaged in and continue to engage in the illegal and unfair business practice of sending consumers collection letters for time barred debts, for filing lawsuits against consumers for time-barred debts, and for furnishing inaccurate information to the credit reporting companies associated with consumers' names as alleged herein.   These violations result in Defendants being strictly liable under the Civil Code and the United States Code, under the facts alleged herein.   This conduct is thus an unfair, unlawful or

14

deceptive business practice as defined in California Business and Professions Code Sec. 17200. Under the provisions of Business and Professions Code Section 17203, Plaintiff is entitled to an injunction ordering Defendants, ENCORE MIDLAND and MCM, to cease unfair and unlawful debt collection activity against her, and those similarly situated, to cease reporting obsolete and inaccurate credit information to the various consumer credit reporting agencies associated with her name, and of those similarly situated, and to cease their Unfair Fair Business Practices, as described herein and before.

## RELIEF SOUGHT

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.      For an Order certifying the Plaintiff Class under California Code of Civil Procedure Section 382, California Civil Code Section 1781, and Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiffs and their counsel to represent the Plaintiff Class;

2.      For penalties, for Plaintiff, and all those similarly situated, under Civil Code Section 1788.30(b);

3.      For actual damages and additional damages under 15 U.S.C. 1692k(a)(1) and 15 U.S.C. 1692k (a)(2)(B)(i) & (ii);

4.      For actual damages and punitive damages under 15 U.S.C. 1681n and 15 U.S.C. 1681o;

Class Action Complaint for Damages for Unfair Debt Collection Practices, Violation of Credit Reporting Law, and Unfair Business Practices

5.     For an injunction ordering defendants to cease unfair and illegal debt collection activity against Plaintiff and to cease Unfair Fair Business Practices as provided for under the provisions of Business and Professions Code Section 17203;

6.     For costs and reasonable attorney's fees under Civil Code Section 1788.30(c), 15 U.S.C. 1692k(a)(3) and 15 U.S.C. 1681n and 15 U.S.C. 1681o;

///

///

///

///

///

7.     And, for such other and further relief as the Court may deem just and fair.


**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on each cause of action.


LAW OFFICES OF PETER L. RECCHIA

PETER L. RECCHIA,  Attorney for Plaintiff,

16

Shireen Janti, and All Others Similarly Situated

Class Action Complaint for Damages for Unfair Debt Collection Practices,

Violation of Credit Reporting Law, and Unfair Business Practices

≋JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

JANTI

**(b)** County of Residence of First Listed Plaintiff  MARICOPA, (AZ)
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Peter L. Recchia  (714) 541-2858
1605 E. 4th St., Ste. 250, SANTA ANA, CA 92701

## DEFENDANTS

FILED

ENCORE CAPITAL GROUP ETAL

2009 SEP -8 PM 3:52

County of Residence of First Listed Defendant  SAN DIEGO
CLERK US DISTRICT COURT (IN U.S. PLAINTIFF CASES ONLY)
SOUTHERN DISTRICT OF CALIFORNIA
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.
BY_____DEPUTY

Attorneys (If Known)

'09 CV 1969    JLS CAB

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                       and One Box for Defendant)

|                          | PTF | DEF |                                                   | PTF | DEF |
|--------------------------|-----|-----|---------------------------------------------------|-----|-----|
| Citizen of This State    | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|----------|-------|--|--------------------|------------|----------------|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1  Original
Proceeding

☐ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
another district
(specify)

☐ 6  Multidistrict
Litigation

☐ 7  Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. 1692 and 15 U.S.C. 1681, et. seq.

Brief description of cause:
UNFAIR DEBT COLLECTION PRACTICES, FALSE CREDIT REPORTING

## VII. REQUESTED IN
COMPLAINT:

☑ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☑ Yes  ☐ No

## VIII. RELATED CASE(S)
IF ANY

(See instructions):        JUDGE _____        DOCKET NUMBER _____

DATE
9/4/09

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT #  4951   AMOUNT  $350—   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

MB  09/08/09

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.   (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.   Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.

United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; federal question actions take precedence over diversity cases.)

**III.   Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.   Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.   Origin.** Place an "X" in one of the seven boxes.

Original Proceedings.  (1) Cases which originate in the United States district courts.

Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment.  (7) Check this box for an appeal from a magistrate judge's decision.

**VI.   Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**          Example:          U.S. Civil Statute: 47 USC 553
                                                                                Brief Description: Unauthorized reception of cable service

**VII.   Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.   Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS004951
Cashier ID: mbain
Transaction Date: 09/08/2009
Payer Name: LAW OFFICE OF PETER RECCHIA
----------------------------------
CIVIL FILING FEE
 For: JANTI VS ENCORE CAPITAL GROUP
 Case/Party: D-CAS-3-09-CV-001969-001
 Amount:        $350.00
----------------------------------
CHECK
 Check/Money Order Num: 1244
 Amt Tendered:  $350.00
----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```