1 | John A. Mayers, Esq./CSB #149149
Patrick L. Prindle, Esq./CSB #87516
2 | MULVANEY, KAHAN & BARRY
401 West A Street, 17th Floor
3 | San Diego, CA 92101-7994
Telephone: 619 238-1010
4 | Facsimile: 619 238-1981

5 | Attorneys for Defendants ENCORE CAPITAL
GROUP, INC.; MIDLAND FUNDING LLC,
6 | a Delaware corporation; and MIDLAND
CREDIT MANAGEMENT, INC., a Kansas
7 | corporation

8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| SHIREEN JANTI, individually, and On behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ENCORE CAPITAL GROUP, INC., MIDLAND FUNDING LLC, MIDLAND CREDIT MANAGEMENT, INC.; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 09-CV1969 (JLS/CAB)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE, RULE 12(b)(6)<br><br>DATE:       February 11, 2010<br>TIME:        1:30 p.m.<br>COURTROOM:  6<br>JUDGE:  HON. JANIS L. SAMMARTINO |

17 ////
18 ////
19 ////
20 ////
21 ////
22 ////
23 ////
24 ////
25 ////
26 ////
27 ////
28

## TABLE OF CONTENTS

PAGE

I. INTRODUCTION .................................................................................................1

II. THE COMPLAINT MUST BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)........................................................3

III. THE CLASS IS IMPROPERLY "DEFINED"; THE DEFINITION IS INADEQUATE BECAUSE THE COURT MUST MAKE AN INDIVIDUAL DETERMINATION OF THE MERITS OF EACH CLAIM TO ASCERTAIN WHETHER A PARTICULAR PERSON IS A MEMBER OF THE CLASS ..............................................................................4

IV. THE PLAINTIFF'S CLAIM LACKS COMMON QUESTIONS OF FACT AND LAW AND, THEREFORE, FAILS TO MEET THE REQUISITES OF RULE 23(A)(2). ..............................................................6

V. THE PLAINTIFF'S CLAIM LACKS TYPICALITY AND, THEREFORE, FAILS TO MEET THE REQUISITES OF RULE 23(A)(3). ............................7

VI. COURTS ALSO OFTEN MERGE THE ANALYSIS OF "COMMONALITY" AND "TYPICALITY" UNDER RULE 23(A), WITH "PREDOMINANCE" UNDER 23(B)(3)..................................................8

VII. BECAUSE THE STATUTES OF LIMITATION DIFFER AS BETWEEN THE POTENTIAL CLASS MEMBERS, THIS MATTER DOES NOT LEND ITSELF TO LITIGATION AS A CLASS ACTION CASE.....................9

VIII. CALIFORNIA BUSINESS AND PROFESSIONS CODE, SECTION 17200, DOES NOT DOES NOT SUPPORT PLAINTIFF'S CLAIM...............10

IX. THE BARE LEGAL CONCLUSIONS OF THE COMPLAINT ARE NOT SUPPORTED BY FACTUAL ALLEGATIONS AND THE COMPLAINT DOES NOT MEET THE REQUIREMENTS OF RULE 8(A)(2), THEREFORE, IT FAILS TO STATE A CLAIM FOR RELIEF THAT IS PLAUSIBLE ON ITS FACE. ...........................................12

X. CONCLUSION....................................................................................................16

i

POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE, RULE 12(B)(6)   09-CV-1969 (JLS/CAB)

## TABLE OF AUTHORITIES

PAGE

**Cases**

*Aiken v. Obledo*, 442 F.Supp 628, 658 (E.D. Cal.1977)..........................................4, 12

*Armstrong, et al. v. Davis*, et al., 275 F.3d 849 (9th Cir. 2001) ........................................8

*Ashcroft v. Iqbal*, 129 S. Ct. (2009)..................................................................3, 13, 14, 15

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 ........................................................3, 12, 13, 14, 15

*Chandler v. City of Dallas*, 2 F.3d 1385, 1396 (5th Cir.1993)..............................................5

*Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957).........3

*Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984) ........................................3

*Dukes v. Wal-Mart, Inc.*, 509 F.3d 1168, 1176 (9$^{th}$Cir.2007)..............................................6

*Durham v. Continental Central Credit*, 2009 WL 3416114 (S.D.Cal.) ...............................6

*General Telephone Company of the Southwest v. Falcon*, 457 U.S. 147 (1982).........7, 8

*Hagen v. City of Winnemucca*, 108 F.R.D. 61, 63 (D. Nev. 1985) ....................................4

*Ikonen v. Hartz Mountain Corporation*, 122 F.R.D. 258 (S.D.Cal.1988..............................6

*Rutherford v. United States*, 429 F.Supp. 506 (D.Okl.1977)............................................12

*Smilecare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996) ....................................................................................................................................3

**Statutes**

California Business and Professions Code, Section 17200 ...........................................10

Feral Rules of Civil Procedure, Rule 8 ....................................................................... 3, 12

Federal Rules of Civil Procedure, Rule 8(a)(2) ...................................................... 3, 13, 14

Federal Rules of Civil Procedure, Rule 12(b)(6)................................................................1, 3

Federal Rules of Civil Procedure, Rule 23 ..................................................................... 4

Federal Rules of Civil Procedure, Rule 23(a) ................................................1, 3, 6, 7, 8, 9, 12

Federal Rules of Civil Procedure, Rule 23(a)(2) ............................................................. 6

ii

POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE, RULE 12(B)(6)   09-CV-1969 (JLS/CAB)

Federal Rules of Civil Procedure, Rule 23(a)(3) .................................................... 6, 7, 8
Federal Rules of Civil Procedure, Rule 23(b) ..................................................1, 3, 6, 7, 8
Federal Rules of Civil Procedure, Rule 23(b)(3) ................................................... 1, 3, 8

**Other Authorities**

Moore's Federal Practice 3d, Section 23.23[6] ........................................................... 8, 9
Moore's Federal Practice, 3d, Section 23.24[3] ............................................................. 9
Moore's Federal Practice, Section 23.23[4][h] ............................................................... 6

GEN 800.215504.1

1  Defendants ENCORE CAPITAL GROUP, INC.; MIDLAND CREDIT
2  MANAGEMENT, INC. and MIDLAND FUNDING, LLC (hereinafter collectively referred
3  to herein as "Defendant"), hereby move to dismiss all claims stated in the Complaint
4  pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6), as follows:

## I.

## INTRODUCTION

8  The instant case was inappropriately fashioned and filed as a consumer credit
9  class action, pursuant to Federal Rules of Civil Procedure, Rule 23(b)(3). While the
10 complaint attempts to define 5 "sub-classes", each sub-class is qualified so as to
11 include individuals against whom certain actions were taken when the action was barred
12 by the ***"applicable statute of limitations."*** Each time period associated with each
13 individual in the purported sub-classes is unique, thus making class treatment
14 impossible.

15 To proceed as a Class Action, Plaintiff must meet the requirements of
16 Fed.R.Civ.P. 23(a) [numerosity, commonality, typicality, and adequate representation],
17 in addition to meeting the requirements of subdivision (3) of Rule 23(b). The proponent
18 of a class action must show the existence of common questions of law or fact, and that
19 the common questions ***predominate over questions affecting only individual class***
20 ***members***. Here, questions about when actions were taken with respect to "the
21 applicable statutes of limitation" for each individual class member not only predominate;
22 these individual questions overwhelm the case. A separate inquiry must be made as to
23 each class member to determine if the individual fits within the class, as defined by the
24 pleadings.

25 The class must be properly "defined". A class definition is inadequate if a Court
26 must make a determination of the merits of the individual claims to ascertain whether a
27 particular person is a member of the class. The instant Complaint is woefully
28 inadequate, as the cornerstone of the Complaint (committing acts with respect to each

class member after expiration of the "applicable statute of limitations") begs the question: what is "the *applicable* statute of limitations." The issue must be determined with regard to each and every potential class member. That issue predominates, therefore precluding prosecution of the matter as a class action.

Here, the sub-classes are defined in Paragraph 10 of the Complaint. The definition of each class is qualified by a claim that certain actions were taken by defendants after the activity was "barred by the applicable statute of limitations." The definitions absolutely require that each individual's claim be analyzed to ascertain whether the person is a member of the class. Such an analysis opens a proverbial Pandora's Box:

1. Who issued the credit card;

2. Was there a written agreement and did it contain a "choice of law" provision with regard to the appropriate jurisdiction in which suits must be filed[1];

3. What is the limitation period in the applicable jurisdiction[2];

4. Was the limitation period tolled for any reason, such as:

    a. Bankruptcy[3];

    b. Absence of the debtor from the jurisdiction[4];

5. Was there an agreement by the debtor to make payments or were payments actually made by the debtor, hence reinstating the limitations period[5];

6. Did any of the putative class members already litigate the issue of statute of limitations;

---

[1] Ms. Janti's credit card was issued by FCNB-Spiegel. She did not attach a copy of the application or otherwise describe what the application provided with respect to where any dispute be litigated. Different issuers of credit cards utilize different applications, with different choice of law and choice of jurisdiction provisions.

[2] Limitation periods throughout the various states vary greatly.

[3] The Limitations period can be tolled during the period a debtor's bankruptcy is pending. If any of the putative class members filed for bankruptcy protection, and thereafter the case was dismissed, the limitations period would be unique unto them.

[4] The limitations period is often extended by the amount of time the debtor is outside the jurisdiction.

[5] A novation is created by the debtor's agreement to make payments or if payments were actually made.

POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE, RULE 12(B)(6)  09-CV-1969 (JLS/CAB)

1  7.  Have any of the putative class members previously settled the dispute and signed a
2  release of any and all claims.

3  Moreover, the complaint is comprised of mere conclusory allegations, lacking the
4  factual support required by Rule 8, as enunciated by the Supreme Court of the United
5  States in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, and more recently in *Ashcroft v.*
6  *Iqbal*, 129 S. Ct. (2009). For this reason, alone, the complaint must be dismissed.

## II.

## THE COMPLAINT MUST BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

10  Where, as here, it appears beyond doubt that the Plaintiff can prove no set of
11  facts in support of her claim which would entitle her to relief, the Court may grant a
12  motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Conley v.*
13  *Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957). A dismissal
14  under Rule 12(b)(6) can be based on either: 1) the lack of a cognizable legal theory; or
15  2) the absence of sufficient facts alleged under a cognizable legal theory. *See*
16  *Smilecare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 783 (9th Cir.
17  1996); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

18  While Rule 8(a)(2) requires that a complaint need only contain a short and plain
19  statement of the claim, the Rule demands sufficient factual matter, accepted as true, to
20  state a claim to relief that is plausible on its face. Additionally, the instant complaint
21  does not adequately define the various sub-classes in a manner that meets the
22  requirements of Rules 23(a) and 23(b)(3). The complaint, here, utterly fails in this
23  regard.

24  ////
25  ////
26  ////
27  ////
28  ////

3

III.

## THE CLASS IS IMPROPERLY "DEFINED"; THE DEFINITION IS INADEQUATE BECAUSE THE COURT MUST MAKE AN INDIVIDUAL DETERMINATION OF THE MERITS OF EACH CLAIM TO ASCERTAIN WHETHER A PARTICULAR PERSON IS A MEMBER OF THE CLASS

Although not expressly mentioned in Rule 23, the courts have fashioned a prerequisite that the class must be adequately defined by the complaint. *Hagen v. City of Winnemucca*, 108 F.R.D. 61, 63 (D. Nev. 1985). "The requirement that there be a class will not be deemed satisfied unless the description of it is sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member." *Aiken v. Obledo*, 442 F.Supp 628, 658 (E.D. Cal.1977). Here, the sub-classes are defined, as follows:

A. All individuals in the State of California who were sent debt collection letters by Defendants between November 27, 2007 and the present when collection on the debt was barred by the ***applicable statute of limitations*** based upon the original delinquency date of the underlying debt.

B. All individuals in the United States who were sent debt collection letters by Defendants between November 27, 2007 and the present when collection on the debt was barred by the ***applicable statute of limitations*** based upon the original delinquency date of the underlying debt.

C. All individuals in the State of California who were sued by Defendants between July 28, 2008 and the present when the lawsuit was barred by the ***applicable statute of limitations*** based upon the original delinquency date of the underlying debt.

D. All individuals in the United States who were sued by Defendants between July 28, 2008 and the present when the lawsuit was barred by the ***applicable statute of limitations*** based upon the original delinquency date of the underlying debt.

1  E. All individuals in the United States who (sic)debts were reported by Defendants to any credit reporting company between November 27, 2002 and the present associated with a debt collected upon by Defendants, when the reporting of the debt was barred by the **_applicable statute of limitations_** for credit reporting.

As a result of the very manner by which plaintiff defines each sub-class, it is not administratively possible, let alone "feasible", for the court to determine whether a particular individual is a member.

In an analogous case, the Fifth Circuit held that class certification is improper where determination of whether a person fits within the defined class is necessarily an individual inquiry. *Chandler v. City of Dallas*, 2 F.3d 1385, 1396 (5th Cir.1993). Whereas *Chandler* involved classes defined as individuals harmed as a result of violations of rights arising out of physical disabilities, it is similar to this case in that it involves a class composed of individuals with unique attributes. In *Chandler* the individuals were affected by various physical limitations; here the individuals are affected by various statutes of limitations. The *Chandler* court concluded that if individualized inquiries were necessary to determine whether an individual fit within a defined class, class certification and class relief were inappropriate. *Chandler*, 2 F.3d at 1396.

In the instant case, as a result of the many different issuers of credit cards, each utilizing different agreements with the putative class members; the many different jurisdictions in which disputes must be litigated under the terms of the various agreements; the different limitations periods maintained by various jurisdictions; and, the numerous ways in which the different limitations periods can be extended or tolled, class certification and class relief will never be appropriate. Therefore, this motion should be granted and judgment entered in favor of the defendants.

////

////

5

POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE, RULE 12(B)(6)   09-CV-1969 (JLS/CAB)

IV.

## THE PLAINTIFF'S CLAIM LACKS COMMON QUESTIONS OF FACT AND LAW AND, THEREFORE, FAILS TO MEET THE REQUISITES OF RULE 23(A)(2).

A multi-step analysis is required to test a claim's suitability for litigation as a class action. "The party seeking class certification bears the burden of establishing that each of the four requirements of Fed.R.Civ.P. 23(a) and at least one requirement of Rule 23(b) have been met." *Dukes v. Wal-Mart, Inc.*, 509 F.3d 1168, 1176 (9th Cir.2007).

"The requirements of Rule 23(a) are that (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." *Durham v. Continental Central Credit*, 2009 WL 3416114 (S.D.Cal.). Here, problems with the plaintiff's ability to satisfy the "commonality" requirement [Rule 23(a)(2)] and the "typicality" requirement [Rule 23(a)(3)] overshadow problems associated with the other requirements of Rule 23(a).

In 1988, Judge Thompson addressed "commonality", in *Ikonen v. Hartz Mountain Corporation*, 122 F.R.D. 258 (S.D.Cal.1988). In *Ikonen*, the court analyzed common concepts of design, testing, manufacturing, and labeling, but the class members were affected by the common issues in varying and differing degrees. The facts, and as a result the law, was different between one plaintiff and the next. Judge Thompson cogently surmised, "…'problems of commonality' exist." *Ikonen*, 122 F.R.D. at 262. In other words, factual differences may bar commonality. "When a court concludes that commonality is lacking, it is usually because the claims involve individual factual situations that would require vastly different presentations of proof, even as to otherwise common issues." Moore's Federal Practice, Section 23.23[4][h]. Because of the different statutes of limitation in the many jurisdictions, and because of the manners in which those various limitations periods are tolled and/or expanded (as a result of bankruptcy, payments, novation, litigation, etc.), this case is simply not appropriate for

6

1 prosecution as a class action. Differences among the members' claims predominate.
2 This motion should be granted and judgment entered in favor of defendants.

### V.

### THE PLAINTIFF'S CLAIM LACKS TYPICALITY AND, THEREFORE, FAILS TO MEET THE REQUISITES OF RULE 23(A)(3).

Lack of "typicality", in addition to lack of "commonality", also serves to defeat the plaintiff's action. However, with respect to "typicality", in all types of class action cases [whether brought under Rule 23(a) or 23(b)] courts tend to merge the analysis of commonality with analysis of the Rule 23(a)(3) requirement that the class representative's claims or defenses be "typical" of those of the class.

*General Telephone Company of the Southwest v. Falcon*, 457 U.S. 147 (1982), an employment discrimination class action lawsuit, is instructive. Justice Stevens observed: "The class-action device was designed as 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.' [citation.] Class relief is 'peculiarly appropriate' when the 'issues involved are common to the class as a whole' and **when they 'turn on questions of law applicable in the same manner to each member of the class.'**" *General Telephone Company of the Southwest v. Falcon*, 457 U.S. at 156 (emphasis added). In Footnote 13, at page 158, Justice Stevens further noted, "The commonality and typicality requirements of Rule 23(a) tend to merge. Both serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in there absence." *General Telephone Company of the Southwest v. Falcon*, 457 U.S. at 158.

To paraphrase Justice Stevens, here class relief is "peculiarly inappropriate." While viewed in a vacuum, general issues may appear common to the class as a whole, but in reality they are not applicable in the same manner to each member of the class. A separate inquiry would have to be made of each class member to determine what

7

state's statute of limitations applied, and if that time limit was tolled or extended for any reason. This dispute is not appropriately litigated as a class action.

## VI.

### COURTS ALSO OFTEN MERGE THE ANALYSIS OF "COMMONALITY" AND "TYPICALITY" UNDER RULE 23(A), WITH "PREDOMINANCE" UNDER 23(B)(3)

In this case, individual issues, rather than issues of common facts and law, predominate. In determining if there are questions of law or fact common to the class, courts often treat the commonality requirement together with other similar requirements. In particular, the commonality requirement of Rule 23(a) tends to merge with the predominance inquiry relative to maintenance of a class action under Rule 23(b)(3). Pursuant to Rule 23(b)(3), ***the proponent of a class action must show not only the existence of common questions of law or fact, but also that the common questions predominate over questions affecting only individual class members***. "In all types of class actions, courts tend to merge the analysis of commonality with the analysis of the Rule 23(a)(3) requirement that the class representative's claims or defenses be 'typical' of those of the class." Moore's Federal Practice 3d, Section 23.23[6].

However, with respect to typicality, in all types of class actions [23(a) or 23(b)], courts routinely merge the analysis of commonality with the analysis of typicality. While acknowledging that the commonality and typicality requirements tend to merge, citing *General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, the Court of Appeals for the Ninth Circuit observed in *Armstrong, et al. v. Davis*, et al., 275 F.3d 849 (9th Cir. 2001) that the concepts are stated differently. "The commonality requirement is said to be met if plaintiffs' grievances share a common question of law or fact. [citation.] Typicality, by contrast, is said to require that the claims of the class representatives be typical of those of the class, and to be satisfied when each class member's claim arises from the same course of events .... [citation.]." *Armstrong*, 275 F.3d at 868. "The commonality requirement tests the definition of the class itself, while the typicality requirement

8

focuses on how the named plaintiff's claims compare to the claims of the other class members." Moore's Federal Practice, 3d, Section 23.23[6].

***Typicality may be defeated if factual differences between the representative's claims and those of the class, <u>predominate</u>***. If a court must make fact-specific or individualized determinations in order to establish a defendant's liability to class members, there is no typicality.  Moore's Federal Practice, 3d, Section 23.24[3]. The plaintiff's complaint lacks the requisite typicality, because a highly fact-specific or individualized determination must be made with regard to each potential class member before any meritorious claim can be stated.  This motion should be granted and judgment entered in favor of the defendants, as the plaintiff cannot meet the typicality requirements of Rule 23(a)

### VII.

### BECAUSE THE STATUTES OF LIMITATION DIFFER AS BETWEEN THE POTENTIAL CLASS MEMBERS, THIS MATTER DOES NOT LEND ITSELF TO LITIGATION AS A CLASS ACTION CASE

Plaintiff's attempt to define the class as those persons sued by defendant where defendant's records do not show that a payment was made within the applicable statute of limitations prior to the filing of the action defeats the class.  First, the forum where a claim may be litigated may differ from debtor to debtor, depending upon the terms of the agreement each entered with the issuer of the credit card.  There are different statutes of limitation in every state; potentially hundreds of different limitations periods.

Moreover, the various statutes commence to run on dates unique to each potential class member.  The limitations periods are often tolled by occurrences, such as the debtor's presence of the forum state.  The debtor might have filed for bankruptcy protection, or may be, or have been, incompetent.  The debtor might have agreed to make payments, or actually made payments, either of which would cause the statute to "reset", and start to run anew.  The debtor might have entered a novation, or already litigated the limitations issue with defendant, or settled all claims.  Assuming only six

1 variables in 50 states yields 300 possible subclasses. Whether suit was brought after
2 expiration of the applicable statute of limitations will have to be separately determined
3 for each and every potential class member. This case simply does not lend itself to
4 resolution through class action litigation. Therefore, this motion should be granted and
5 judgment entered in favor of defendant.

VIII.

## CALIFORNIA BUSINESS AND PROFESSIONS CODE, SECTION 17200, DOES NOT DOES NOT SUPPORT PLAINTIFF'S CLAIM

The instant Complaint seeks injunctive/declaratory relief pursuant to California Business and Professions Code, Section 17200. Section 17200 does not support the relief sought by plaintiff. Accordingly, this motion should be granted, and the complaint dismissed.

On November 2, 2004, California voters approved Proposition 64 by a large (59%-41%) margin. Proposition 64 contained eight "Findings and Declarations of Purpose", among them the following:

1. That provisions of the California Business and Professions Code (including Section 17200) were "being misused by some private attorneys" who file frivolous lawsuits as a means of generating attorneys' fees without creating a corresponding public benefit"; "file lawsuits **where no client has been injured in fact**", and "file lawsuits on behalf of the general public without any accountability to the public and without adequate court supervision." (emphasis added) Prop. 64, § 1(c); Bus. & Prof.C. § 17200 Practice, 2:47.2, TRG, 2005.

2. "It is the intent of the California voters in enacting this act to prohibit private attorneys from filing lawsuits for unfair competition **where they have no client who has been injured in fact** under the standing requirements of the United States Constitution." (emphasis added) Prop. 64, § 1(e); Bus. & Prof.C. § 17200 Practice, 2:47.2, TRG, 2005.

Nowhere in the Complaint has it been alleged that any of the putative class

1  members have been damaged, in fact. If Plaintiff attempts to claim that the putative
2  class members have been damaged, in fact, then ascertaining that damage would
3  require analysis on a case by case basis, because the claims involve individual factual
4  situations that would require vastly different presentations of proof, even as to otherwise
5  common issues. As such, the claims are not properly prosecuted as a class action.
6  This motion should be granted and the Complaint summarily dismissed.

7  Were Plaintiff to argue that she has incurred "damage in fact", as a result of
8  paying a filing fee in the litigation currently pending in Orange County, California[6], the
9  result would be no different as to the putative class members, and fatal to her claim, as
10 well. Indeed, by "asserting the affirmative defense of statute of limitations"[7] in that state
11 court litigation, Ms. Janti has inadvertently acknowledged that whether the statute of
12 limitations for each class member has expired is a question that must be ascertained on
13 a case by case basis. Her claims cannot ripen until the Orange County action is
14 concluded, and then only if concluded in her favor based upon her statute of limitations
15 affirmative defense. Moreover, upon conclusion of the Orange County action, Ms. Janti
16 will no longer have standing for purposes of this case, nor is she an adequate class
17 representative, as her claims will have been adjudicated. Ms. Janti only gets one bite at
18 the apple, and she is taking that bite in Orange County.

19 Therefore, this Complaint should be dismissed as to the Third Cause of Action,
20 as (1) Ms. Janti has not suffered damage in fact; (2) she lacks standing to bring the
21 claim; and (3) she is not an adequate class representative; her claims are not typical of
22 those of the putative class members.

23 ////
24 ////
25 ////
26 ////

---

[6] See Complaint, Paragraph 17.
[7] See Complaint, Paragraph 17.

IX.

## THE BARE LEGAL CONCLUSIONS OF THE COMPLAINT ARE NOT SUPPORTED BY FACTUAL ALLEGATIONS AND THE COMPLAINT DOES NOT MEET THE REQUIREMENTS OF RULE 8(A)(2), THEREFORE, IT FAILS TO STATE A CLAIM FOR RELIEF THAT IS PLAUSIBLE ON ITS FACE.

Although not expressly enunciated in Rule 23(a), a class must be sufficiently definite in order to warrant certification. As other courts have observed, "[t]he requirement that there be a class will not be deemed satisfied unless the description of it is sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member." *Aiken v. Obledo*, 442 F.Supp. 628, 658 (E.D.Cal. 1977); see *Rutherford v. United States*, 429 F.Supp. 506 (D.Okl.1977), *rev'd on other grounds*, 442 U.S. 544 (1978). Failure to plead with the requisite specificity can be fatal to a complaint.

Rule 8, Federal Rules of Civil Procedure, establishes the general rules which must be followed in order to properly state a claim for relief. Apart from addressing jurisdiction and the relief sought, Rule 8(a)(2) requires, in pertinent part, that the pleader set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Though simple in its style, historically Rule 8(a)(2) has been the source of much consternation for the Courts, as well as for litigants. In two recent cases, the Supreme Court has attempted to reduce the confusion surrounding the requirements of Rule 8(a)(2); both cases offer guidance to the Court in the instant matter.

In 2007, Rule 8(a)(2) was scrutinized in the context of an antitrust case, *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544(2007). In *Twombly*, the plaintiff was a class of telephone customers claiming that the defendants violated provisions of § 1 of the Sherman Act, by allegedly (1) conspiring to restrain trade by engaging in parallel conduct to inhibit the growth of competitors, and (2) agreeing to refrain from competing against one another. The Trial Court dismissed the Complaint, concluding that allegations of parallel business conduct, taken alone, were not sufficient to state a

claim, and that additional facts refining the claims must be averred. The Second Circuit reversed, and the Supreme Court granted certiorari.

The *Twombly* opinion framed the central issue as, "what a plaintiff must plead in order to state a claim under § 1 of the Sherman Act." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, at 554-555. Acknowledging that a complaint need not provide detailed factual allegations, the Court observed that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do [citation]. Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. "Asking for plausible grounds to infer" [an allegation] "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation" that discovery will later reveal evidence to support the allegation. *Id.* at 556. Indeed, it was noted that something "beyond the mere possibility" must be alleged. *Id.* at 557. Finally, the Court directed that "[S]ome threshold of plausibility must be crossed at the outset before [a case] should be permitted to go into its inevitably costly and protracted discovery phase." *Id.* at 558. The *Twombly* Court concluded, "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

More recently, the Court revisited the requirements of Rule 8(a)(2), and its previous *Twombly* decision. While reiterating much of what the *Twombly* Court pronounced, in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) the Court further clarified the manner in which an allegation must be couched in order to properly state a cause of action.

*Iqbal*, a Pakistani Muslim, was arrested and detained under restrictive conditions following the terrorist attacks of September 11, 2001. Mr. Iqbal filed a complaint naming several officials, including former Attorney General John Ashcroft, alleging that he had been arrested based upon his race, religion, or national origin in violation of his First and Fifth Amendment rights; and that as a result of his unlawful arrest he was illegally

13

subjected to harsh conditions of confinement as a matter of policy. Iqbal further alleged that John Ashcroft was the policy's principal architect.

The Trial Court denied defendants' motion to dismiss and the case was brought before the Second Circuit Court of Appeals for review. The Court of Appeals affirmed the Trial Court, determining that *Twombly's* "plausibility standard", which required a plaintiff to support a claim with factual allegations where necessary to render it ***plausible***, was inapplicable in the context of Mr. Iqbal's lawsuit. The Supreme Court granted Certiorari, reversed the Court of Appeals, and remanded the case for further proceedings consistent with its opinion.

In *Iqbal*, the Supreme Court clarified and refined many of the concepts previously enunciated by the Court in *Twombly*. In particular, focus was placed upon the plausibility standard. Reiterating many of the principles established by *Twombly*, the Court observed, "...a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. The Court observed that the plausibility standard asks for more than a sheer possibility, and if the complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 129 S. Ct. at 1949.

Clarifying *Twombly*, the *Iqbal* Court employed a two-step analysis to determine if the complaint met the requirements of Rule 8(a)(2). First, the Court considered whether all of the allegations contained in a complaint must be accepted as true. Holding that that this tenet was inapplicable to legal conclusions, the Court directed, "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. ....... We are not bound to accept as true a legal conclusion couched as a factual allegation. *Iqbal*, 129 S. Ct. at 1949-1950. Next, the Court held that "only a complaint that states a ***plausible*** claim for relief survives a motion to dismiss." *Iqbal*,

1   129 S. Ct. at 1950 (emphasis added).  Agreeing with the Court of Appeals, Justice
2   Kennedy observed that determining whether a complaint states a plausible claim for
3   relief is "a "context-specific" task that requires the reviewing court to draw on its judicial
4   experience and common sense. [citation] But where the well pleaded facts do not permit
5   the court to infer more than the mere possibility of misconduct, the complaint has
6   alleged – but it has not 'show[n]' – that the pleader is entitled to relief. [citation]." *Id.* at
7   1950.  Mere conclusions are not entitled to the assumption of truth.  "While legal
8   conclusions can provide the framework of a complaint, they must be supported by
9   factual allegations." *Id.* at 1950.

10   In the instant matter, the plaintiff's claim simply lacks the "plausibility" required by
11   *Twombly* and *Iqbal*.  Rather than make facially plausible allegations, the plaintiff has
12   only provided "threadbare recitals of the elements of a cause of action, supported by
13   mere conclusory statements."  In *Iqbal*, Justice Kennedy cut to the heart of the matter
14   in this case, when he noted that legal conclusions can provide the framework of a
15   complaint, but to be "plausible", the conclusions must be supported by factual
16   allegations. *Id.* at 1950.  The requirement that conclusions be supported by "factual
17   allegations" is sorely missing here.  Indeed, most of the allegations are not even based
18   upon admissible evidence, as they have been made upon information and belief, and
19   not upon the plaintiff's personal knowledge.  Absent such factual support, the
20   conclusions are not entitled to the assumption of truth.  The complaint fails to meet the
21   "plausibility standard" formulated in *Twombly* and *Iqbal*, and therefore fails to
22   adequately state a cause of action.  This motion should be granted and judgment
23   entered in favor of defendant.
24   ////
25   ////
26   ////
27   ////
28   ////

X.

## CONCLUSION

Based on the foregoing Memorandum of Points and Authorities, all pleadings filed herein, and such argument and evidence as the Court may entertain at the hearing, it is respectfully requested that the motion be granted, and Plaintiff's Complaint be dismissed.

DATED: December 23, 2009         MULVANEY, KAHAN & BARRY

/s/ Patrick L. Prindle
By: _____
Patrick L. Prindle, Esq.
Attorneys for Defendants ENCORE CAPITAL GROUP, INC.; MIDLAND FUNDING, LLC, a Delaware corporation; and MIDLAND CREDIT MANAGEMENT, INC., a Kansas corporation