# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIREEN JANTI, individually, and on behalf of all others similarly situated,<br><br>                                    Plaintiff,<br><br>   vs.<br><br>ENCORE CAPITAL GROUP, INC., MIDLAND FUNDING LLC, MIDLAND CREDIT MANAGEMENT, INC. and DOES 1 through 10, inclusive,<br><br>                                    Defendants. | CASE NO. 09CV1969 JLS (CAB)<br><br>**ORDER: GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS.**<br><br>(Doc. No. 5) |

Presently before the Court is Defendants' Motion to Dismiss. (Doc. No. 5.) Also before the Court is Plaintiff's opposition and Defendants' reply. (Doc. Nos. 9 & 10.) Having fully considered the parties' arguments and the law, Defendants' motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

Plaintiff, a resident of Costa Mesa, California, opened a credit account with FCNB-Spiegal around 1997 or 1998. (Compl. ¶ 13.) After incurring charges on the account through 1999, the account became delinquent. (*Id.*) Plaintiff made no payments toward the outstanding balance, and there were no charges to or payments towards the account after 2000. (*Id.*)

Defendant Encore Capital Group, Inc. ("Encore") is the parent company of co-Defendants Midland Funding, LLC ("Midland") and Midland Credit Management, Inc. ("MCM"). (*Id.* ¶ 3.)

Case 3:09-cv-01969-JLS-CAB   Document 13   Filed 08/03/10   PageID.89   Page 2 of 14

Midland and MCM are Encore's subsidiaries. (*Id.*) Defendants are located in San Diego, California and engage in debt collection activity against consumers and report the status of delinquent debts to consumer reporting agencies. (*Id.*)

In November 2008, Plaintiff received a "Pre-Legal Notification" debt collection letter from MCM. (*Id.* ¶ 14.) The letter indicated that Plaintiff's FCNB-Spiegel account was purchased by Midland and was serviced by MCM. (*Id.*) Moreover, the letter listed a $3,690.18 balance and demanded a $250 payment. (*Id.*) "The letter stated if Plaintiff sent MCM $250 she could stop [the] account from going to an attorney." (*Id.*) Once payment was received, "Plaintiff's credit report [would] be updated with payments made and when all payments were made to settle the account, Plaintiff's credit report [would] be updated as 'Paid in Full.'" (*Id.*)

On July 27, 2009, Midland filed a lawsuit against Plaintiff, and Plaintiff, proceeding pro se, filed an answer on August 21, 2009. (*Id.* ¶¶ 16–17.) Midland's lawsuit was supported by a MCM employee's affidavit which contained "no facts as to the date the account was opened, when any charges were made to the account, or when any payments were made to the account." (*Id.* ¶ 16.) Moreover, the affidavit contained no dates supporting "allegations [that] the lawsuit was filed within the time frame of the applicable statute of limitations for collecting and suing on a debt." (*Id.*) Plaintiff paid a $50.00 filing fee and asserted the affirmative defense of statute of limitations. (*Id.*)

Through an attorney, Plaintiff filed the instant action as a class action on September 8, 2009. (Doc. No. 1 ("Complaint").) The Complaint alleges three causes of action: 1) violation of the Fair Debt Collection Practices Act as provided for in Cal. Civ. Code § 1788.17; 2) violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681s-2(a)(1)(A); and 3) unlawful and unfair business practices in violation of Cal. Bus. & Prof. Code § 17200, *et seq.* The Complaint also identifies five sub-classes: 1) "[a]ll individuals in the State of California who were sent debt collection letters by Defendants between November 27, 2007 and the present when collection on the debt was barred by the applicable statute of limitations . . ."; 2) "[a]ll individuals in the United States who were sent debt collection letters by Defendants between November 27, 2007 and the present when collection on the debt was barred by the applicable statute of limitations . . ."; 3) "[a]ll

- 2 -                                                                                                                                      09cv1969

individuals in the State of California who were sued by Defendants between July 28, 2009 and the present when the lawsuit was barred by the applicable statute of limitations . . . "; 4) "[a]ll individuals in the United States who were sued by Defendants between July 28, 2009 and the present when the lawsuit was barred by the applicable statute of limitations . . . "; and 5) [a]ll individuals in the United States who [sic] debts were reported by Defendants to any credit reporting company between November 27, 2002 and the present associated with a debt collected upon by Defendants, when the reporting of the debt was barred by the applicable statute of limitations . . . . " (Compl. ¶ 10.)  On December 23, 2009, Defendants filed the present motion to dismiss.  (Doc. No. 5.)  Plaintiff filed her opposition on January 28, 2010, and Defendants filed a reply on February 4, 2010.  (Doc. Nos. 9 & 10.)

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss.  The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, – US — , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6).  A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the

1  misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must
2  be probable, but there must be "more than a sheer possibility that a defendant has acted
3  unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible
4  entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept
5  as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific
6  analysis involving the Court's "judicial experience and common sense." *Id.* at 1950 (citation
7  omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere
8  possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is
9  entitled to relief.'" *Id.*

10  Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court
11  determines that the allegation of other facts consistent with the challenged pleading could not
12  possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir.
13  1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.
14  1986)). In other words, where leave to amend would be futile, the Court may deny leave to
15  amend. *See Desoto*, 957 F.2d at 658; *Schreiber*, 806 F.2d at 1401.

16  **ANALYSIS**

17  **A.     Motion to Dismiss Class Action Allegations**

18  "At an early practicable time after a person sues or is sued as a class representative, the
19  court must determine by order whether to certify the action as a class action**."** Fed. R. Civ. P.
20  23(c)(1)(A). However, the Ninth Circuit has found that "compliance with Rule 23 is not to be
21  tested by a motion to dismiss for failure to state a claim." *Gillibeau v. City of Richmond*, 417 F.2d
22  426, 432 (9th Cir. 1969). District courts must take a "close look" at the claims and evidence to
23  determine the validity of a class certification. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591,
24  615 (1997). Thus, a separate hearing to determine class certification respects the language of the
25  Federal Rules of Civil Procedure, Ninth Circuit precedent, and the value of class action litigation.
26  *See Gillibeau*, 417 F.2d at 432; *Swain v. CACH, LLC*, 2009 WL 6325530, at *6 (N.D. Cal. 2009)
27  (denying defendant's motion to dismiss as "premature" because objections to plaintiff as an
28  inadequate class representative and to plaintiff's claims as not common or typical of class

1 members had to "be resolved through a class certification motion").

2 Plaintiff filed the instant case as a class action. (Compl. ¶ 5.) No motion to certify the 3 class has been filed pursuant to Federal Rule of Civil Procedure 23(c)(1)(A). Yet, in its motion to 4 dismiss, Defendants argue that Plaintiff inadequately pleads a basis for class action. (*See* 5 *generally* Memo. ISO Motion.) In short, Defendants argue that the Complaint should be dismissed 6 because: 1) the Complaint "does not adequately define the various sub-classes in a manner that 7 meets the requirements of Rules 23(a) and 23(b)(3);" 2) Plaintiff's claim lacks common questions 8 of fact and law as required by Rule 23(a)(2); 3) Plaintiff's claim fails to meet the typicality 9 requirement of Rule 23(a)(3); and 4) the "case does not lend itself to resolution through class 10 action litigation." (Memo. ISO Motion at 3-10.) Because there has not been a separate hearing to 11 determine class certification and a motion to dismiss is not the proper forum to challenge class 12 allegations and Rule 23, the Court **DENIES** Defendants' motion to dismiss insofar as it seeks to 13 dismiss the class allegations.

**B.     Unfair Debt Collection Practices Claims: 15 U.S.C. § 1692,** *et seq.***; Cal. Civ. Code § 1788**

16 To state a claim for violation of the Fair Debt Collection Practices Act, Plaintiff must first 17 allege that she "has been exposed to 'abusive debt collection practices by debt collectors.'" 18 *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009) (quoting 15 U.S.C. § 1692(e)). In other 19 words, the suit must involve a debt as defined by 15 U.S.C. § 1692. *Id.* Under 15 U.S.C. § 20 1692(a)(5), "debt" is defined as "any obligation or alleged obligation of a consumer to pay money 21 arising out of a transaction in which the money, property, insurance, or services which are the 22 subject of the transaction are primarily for personal, family, or household purposes, whether or not 23 such obligation has been reduced to judgment." 15 U.S.C. § 1692(a)(5). The Ninth Circuit has 24 found that "'at a minimum, a 'transaction' under the FDCPA must involve some kind of business 25 dealing or other consensual obligation.'" *Id.* (citing *Turner v. Cook*, 362 F.3d 1219, 1225 (9th Cir. 26 2004)).

27 Here, the Complaint identifies Plaintiff and those similarly situated as "consumers and 28 debtors as defined in 15 U.S.C. 1692(a)(3), Civil Code 1788.2(h), and 15 U.S.C. 1681 a(c))."

(Compl. ¶ 6.) The Complaint also states the consumer debt pertinent to the collection activity: "Plaintiff opened a credit account with FCNB-Spiegal . . . [and] incurred charges on the FCNB-Spiegal account through 1999." (*Id.* ¶ 13.) Finally, the Complaint states the relevant debt collection activity by alleging that MCM sent Plaintiff a debt collection letter. (*Id.* ¶ 14.) Accordingly, the Complaint sufficiently alleges that Plaintiff is the object of collection activity arising from a consumer debt.

Plaintiff must also allege that Defendants collecting the debt are debt collectors as defined by the FDCPA. *See* 15 U.S.C. § 1692. Under the FDCPA, a "debt collector" is "any person who uses any instrumentality of interstate commerce or mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692(a)(6). In the instant case, the Complaint alleges that Defendants are "debt collectors" by stating: "[Defendants] engage in debt collection activity against consumers such as Plaintiff herein, and those similarly situated, and report evidence of the status of delinquent debts to the various national consumer credit reporting agencies as furnisher[s] of information to consumer reporting agencies." (Compl. ¶¶ 3–5.) Thus, the Complaint adequately alleges the first two requirement of an FDCPA claim: 1) Plaintiff has been the object of collection activity arising from a consumer debt, and 2) Defendants collecting the debt are debt collectors.

Finally, the Complaint must also allege that Defendants "engaged in any act or omission in violation of the prohibitions or requirements of the [Fair Debt Collection Practices] Act." *Uyeda v. J.A. Cambece Law Office, P.C.*, 2005 WL 1168421, at *3 (N.D. Cal. 2005). Some of these prohibitions and requirements are set forth in Section 1692(e), which provides that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt . . . ." 15 U.S.C. § 1692(e). Here, the Complaint alleges that Defendants violated Sections 1692(e)(2)(A), 1692(e)(5), and 1692(e)(10) "by mailing Plaintiff a letter that attempted collection of a time-barred debt, and then suing on the debt . . . ." (Compl. ¶ 20.)

Section 1692(e)(2)(A) provides, "[t]he false representation of the character, amount, or

legal status of any debt . . ." is a violation of Section 1692(e). 15 U.S.C. § 1692(e)(2)(A). Here, the Complaint adequately alleges that the legal status of Plaintiff's debt was falsely represented by specifying that Plaintiff's debt was time-barred by the applicable statute of limitations under 15 U.S.C. § 1681(c)(a)(4). (*Id.* ¶ 15.) Moreover, the Complaint alleges that one of the Defendants sent Plaintiff a letter indicating that it "was reporting the time-barred debt to credit reporting companies." (*Id.*) Accordingly, there are sufficient factual allegations that would support Plaintiff's claim under § 1692(e)(2)(A) given the alleged false representation of the legal status of Plaintiff's debt.

Section § 1692(e)(5) prohibits a "threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692(e)(5). According to the Ninth Circuit, a debt collection letter can constitute a threat when it "create[s] the impression that legal action by defendant is a real possibility." *Baker v. G. C. Services Corp.*, 677 F.2d 775, 779 (9th Cir. 1982). Moreover, the Ninth Circuit generally analyzes violations of 15 U.S.C. § 1692(e) under the "least sophisticated debtor" standard. *Wade v. Regional Credit Ass'n*, 87 F.3d 1098, 1100 (9th Cir. 1996) (citing *Swanson v. S. Or. Credit Serv., Inc.*, 869 F.2d 1222, 1227 (9th Cir. 1988)). The basic purpose of the least-sophisticated-consumer standard is "to ensure that even the least sophisticated debtor is able to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process." *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1171 (9th Cir. 2006). Accordingly, courts often find a violation of Section 1692(e) where a collection letter "deceive[s] or mislead[s] a hypothetical 'least sophisticated debtor.'" *Wade*, 87 F.3d at 1100 (citation omitted). Here, the Complaint adequately alleges the requisite threat by stating that the collection letter "stated if Plaintiff sent MCM $250 she could stop this account from going to an attorney." (Compl. ¶ 14.) The contents of the letter as alleged in the Complaint would mislead the hypothetical least sophisticated debtor into believing that legal action was a "real possibility." Thus, the Complaint adequately alleges the requisite threat under Section 1692(e)(5). The Complaint also sufficiently alleges that Defendants threatened action that "cannot legally be taken" by specifying that Defendants "attempt[ed] collection of a time-barred debt." (Compl. ¶ 20); *see Abels v. JBC Legal Group, P.C.*, 428 F. Supp. 2d 1023, 1027

(recognizing that some courts have found that a collection letter threatening to bring suit on a time-barred debt is a "misleading representation" in violation of 15 U.S.C. § 1692(e)) (citation omitted). Thus, there are sufficient factual allegations that would support Plaintiff's claim under 15 U.S.C. § 1692(e)(5).

"The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer" constitutes another violation of 15 U.S.C. § 1692(e).  15 U.S.C. § 1692(e)(10).  The Complaint states that the collection letter "stated once payment is received, Plaintiff's credit report will be updated with payments made and when all payments were made to settle the account, Plaintiff's credit report will be updated as 'Paid in Full.'" (Compl. ¶ 14.)  These factual allegations, if taken as true, are sufficient to establish a violation of this section.  *See Gonzales v. Arrow Fin. Servs. LLC*, 489 F. Supp. 2d 1140 (S.D. Cal. 2007) (finding liability under 15 U.S.C. § 1692(e)(10) on a motion for summary judgment because the least sophisticated debtor would have found the language in the letter "misleading and deceptive" where the letter indicated that credit bureaus would be notified); *Velazquez v. Arrow Fin. Servs. LLC*, 2009 WL 2780372 (S.D. 2009) (applying the least sophisticated debtor test on a motion to dismiss).  In light of the principles embodied by the "least sophisticated debtor" standard and considering the allegations as a whole, the Court finds the alleged violation of § 1692(e)(10) is adequately pled.

For the reasons stated, the Court **DENIES** Defendants' motion to dismiss Plaintiff's FDCPA claim.  Plaintiff references various provisions of the FDCPA in her complaint and presents facts which, taken as true, would demonstrate violations of 15 U.S.C. § 1692(e)(2)(A), 15 U.S.C. § 1692(e)(5), and 15 U.S.C. § 1692(e)(10).

**C.     Violation of Fair Credit Reporting Act: 15 U.S.C. §  1681s-2(a)(1)(A)**

Under 15 U.S.C. § 1681s-2(a)(1)(A)**,** "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."  15 U.S.C. § 1681s-2(a)(1)(A).  "The term 'reasonable cause to believe that the information is inaccurate' means having specific knowledge, other than solely allegations by the consumer, that would cause a reasonable person to have substantial

doubts about the accuracy of the information." 15 U.S.C. § 1681s-2(a)(1)(D).

In the instant case, the Complaint alleges that the collection letter indicated that one of the Defendants

> was reporting information regarding the FCNB-Spiegal debt to credit reporting companies, violated 15 U.S.C. 1681s-2(a)(1)(A) because MCM's reporting a debt beyond the statute of limitations for credit reporting [beyond 7 years, as prohibited by 15 U.S.C. 1681c(a)(4)], furnishes credit reporting companies information that is obsolete and inaccurate.

(Compl. ¶ 24.) Not only does the Complaint fail to allege that Defendants knew or had reasonable cause to believe that the information was inaccurate, but it also fails to state a claim under 15 U.S.C. § 1681s-2(a)(1)(A) because Plaintiff cannot maintain a private right of action under the Fair Credit Reporting Act ("FCRA"). Under 15 U.S.C. § 1681s-2(d), "[s]ubsection (a) of . . . [§ 1681s-2] shall be enforced exclusively under section 1681s . . . by the *Federal agencies and officials* and the *State officials* identified in that section." 15 U.S.C. § 1681s-2(d) (emphasis added). Here, Plaintiff is not a federal or state official. Thus, the Complaint fails to state a claim pursuant to 15 U.S.C. § 1681s-2(a)(1)(A). Accordingly, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's second cause of action and, because amendment would be futile, **DISMISSES WITH PREJUDICE**. *See Desoto*, 957 F.2d at 658.

**D.    Claims Under California Business and Professions Code § 17200, *et seq.* ("UCL")**

**1.    Standing to Bring UCL Claim**

Plaintiff's third cause of action is for unlawful business practices in violation of California Business and Professions Code § 17200, *et seq.* Pursuant to Cal. Bus. & Prof. Code § 17200, *et seq.*, the Complaint seeks injunctive relief ordering Defendants "to cease unfair and unlawful debt collection activity against her, and those similarly situated, to cease reporting obsolete and inaccurate credit information to the various consumer credit reporting agencies . . . and of those similarly situated, and to cease their Unfair Fair [sic] Business Practices . . . ." (Compl. ¶ 27.) Defendants argue that "Section 17200 does not support the relief sought by Plaintiff." (Memo. ISO MTD at 10.) Specifically, Defendants argue that once the state court action for debt collection against Plaintiff is resolved, Plaintiff will "no longer have standing for purposes of this case." (*Id.* at 11.) The Court disagrees.

Under Cal. Bus. & Prof. Code § 17204, a plaintiff "must show that he has 'suffered injury in fact and has lost money or property as a result of unfair competition'" to have standing to bring a cause of action under California's Unfair Competition Law ("UCL"). *Walker v. USAA Cas. Ins. Co.,* 474 F. Supp. 2d 1168, 1172 (E.D. Cal. 2007) (citing Cal. Bus. & Prof. Code § 17204), *aff'd, Walker v. Geico Gen. Ins. Co.,* 558 F.3d 1025 (9th Cir. 2009). Interpreting Section 17204's requirement of "loss of money or property" to be consistent with "lost money or property" under Section 17203, California district courts have found that a plaintiff asserting any UCL claim must show "either *prior possession* or a vested legal interest in the money or property allegedly lost." *Id.* at 1172 (emphasis added); *see also Swain,* 2009 WL 6325530, at *3.

In the instant case, the Complaint states that Plaintiff paid a $50.00 filing fee to defend herself in a state court action brought by one of the Defendants for debt collection. (Compl. ¶¶ 16–17.) Thus, the Plaintiff definitively identifies money lost sufficient to assert a UCL claim. Although Defendant argues that "upon conclusion of the Orange County action [against] Plaintiff, [she] will no longer have standing for purposes of this case," Defendant fails to identify how or why the state court suit affects the standing issue. (Memo. ISO Motion at 11.) Thus, this issue is not dispositive.

As to the "injury in fact" requirement of § 17204, "California courts have noted that the 'injury in fact' requirement for standing is the same as the 'injury in fact' required for standing under the United States Constitution." *Tourgeman v. Collins Fin. Servs., Inc.*, 2009 WL 6527758, at *7 (S.D. Cal. 2009) (citing *Troyk v. Farmers Group, Inc.,* 90 Cal. Rptr. 3d 589 (Cal. Ct. App. 2009)). "Thus, for [a plaintiff] 'to have standing to prosecute [a] UCL claim . . . he must have personally suffered an invasion or injury to a legally protected interest.'" *Id.* (citation omitted). Generally, "'[O]ut-of-pocket expenses or *money spent* [is] a financial harm that constitute[s an] 'injury in fact' for purposes of standing under the UCL and in federal court." *Id.* (citation omitted) (emphasis in original). Here, the $50.00 filing fee spent by Plaintiff is sufficient to constitute an "injury in fact" for purposes of standing to bring a UCL claim. *See id.* (finding that the "injury in fact" requirement was satisfied where "the complained-of events 'caused [the plaintiff] to incur legal expenses in defense of' the collection action filed in state court" (citation

omitted)). Moreover, Plaintiff received a letter from one of the Defendants stating that Plaintiff's account would be stopped from going to an attorney if she made a payment of $250. (Compl. ¶ 14.) To the extent that this letter violates the terms of the Fair Debt Collection Practices Act ("FDCPA"), this also constitutes an "injury in fact." *See Palmer v. Stassinos* 348 F. Supp. 2d 1070, 1088 (N.D. Cal. 2004) (finding that plaintiffs were injured in fact by receiving letters that threatened debt collection and that violated the terms of the FDCPA).

Although Defendants argue the Complaint does not allege "that any of the putative class members have been damaged, in fact," this is of no consequence because Cal. Bus. & Prof. Code § 17203 allows a person to "pursue representative claims or relief on behalf of others . . . if *the claimant* meets the standing requirements of Section 17204 . . . ." Cal. Bus. & Prof. Code § 17203 (emphasis added). Section 17203 does not specify that every class member or person represented has to meet the standing requirements of Section 17204. For the above reasons, the Court finds that Plaintiff has sufficient standing to seek injunctive relief under her UCL claim for unlawful business practices in violation of Cal. Bus. & Prof. Code § 17200, *et seq.*

### 2. Motion to Dismiss for Failing to State a Claim

Plaintiff's third cause of action is for "illegal and unfair" business practices in violation of California's Unfair Competition Law ("UCL"). (Compl. ¶ 27.) California's UCL prohibits acts of unfair competition which includes "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200; *see also In re Pomona Valley Medical Group, Inc.*, 476 F.3d 665, 674 (9th Cir. 2007). In the instant case, Plaintiff's complaint identifies three of Defendants' "illegal and unfair" business practices: 1) sending consumers collection letters for time-barred debts; 2) filing lawsuits against consumers for time-barred debts; and 3) furnishing inaccurate information to credit reporting companies. (Compl. ¶ 27.)

#### a. Preemption

The third alleged "illegal and unfair" business practice—furnishing inaccurate information to credit reporting companies—is not a sufficient basis for Plaintiff's UCL claim because it is preempted by federal law. According to 15 U.S.C. § 1681t(b)(1)(F)(ii), "[n]o requirement or prohibition may be imposed under the laws of any State with respect to any subject matter

regulated under section 1681s-2, relating to the responsibilities of persons who furnish information to consumer reporting agencies, except that this paragraph shall not apply with respect to section 1785.25(a) of the California Civil Code . . . ." 15 U.S.C. § 1681t(b)(1)(F)(ii); *see Roybal v. Equifax*, 405 F. Supp. 2d 1177, 1181 (E.D. Cal. 2005) (granting the defendant's motion to dismiss because the plaintiff's UCL claim based on injury arising from the reporting of credit information was preempted by the FCRA); *Howard v. Blue Ridge Bank*, 371 F. Supp. 2d 1139, 1144 (N.D. Cal. 2005) (finding that 15 U.S.C. § 1681t(b)(1)(F) "expresses Congress's [sic] intent to preclude state law claims against furnishers of information, and instead to subject them solely to the FCRA") (citation omitted). Here, one of the reasons for Plaintiff's UCL claim is the fact that Defendants allegedly furnished "inaccurate information to credit reporting companies . . . ." (Compl. ¶ 27.) This subject matter is regulated under 15 U.S.C. § 1681s-2(a) which provides that "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2(a)(1)(A). Thus, Plaintiff would be preempted by 15 U.S.C. § 1681t(b)(1)(F)(ii) from asserting a California UCL claim based on such an allegation.[1]

The Complaint also alleges, however, two other "illegal and unfair business practices" in violation of California's UCL which may properly serve as a basis for Plaintiff's UCL claim: 1) Defendants' practice of sending consumers collection letters for time-barred debts and 2) Defendants' practice of "filing lawsuits against consumers for time-barred debts . . . ." (Compl. ¶ 27.)

### b.     **Unlawful Business Practices**

"'[A]n action based on [the UCL] to redress an unlawful business practice 'borrows' violations of other laws and treats these violations . . . as unlawful practices, independently actionable under section 17200 et seq. and subject to the distinct remedies provided thereunder.'" *Farmers Ins. Exch. v. Super. Ct. of L.A. County*, 2 Cal. 4th 377, 383 (1992) (citation omitted);

---

[1] Although 15 U.S.C. § 1681t(b)(1)(F)(ii) provides an exception for Cal. Civ. Code § 1785.25(a), Plaintiff has not alleged a violation of that provision. *See Roybal*, 405 F. Supp. 2d at 1182 n. 5 (finding that even if the plaintiff had alleged a violation of Cal. Civ. Code 1785.25(a) that section does not provide for a private right of action).

*Chabner v. United Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000). A business practice that violates almost any federal, state, or local law is an "unlawful practice" under Section 17200 and thereby may serve as the basis for a UCL claim. *See CRST Van Expedited, Inc. v. Werner Enters., Inc.*, 479 F.3d 1099, 1107 (9th Cir. 2007); *Saunders v. Super. Ct. of L.A. County*, 33 Cal. Rptr. 2d 438, 441 (Cal. Ct. App. 1994).

In the instant case, Plaintiff can state a UCL claim if she can state a claim under a "borrowed" law. *See Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1082 (9th Cir. 2007) (finding that the alleged conduct "must violate a law . . . in order for Plaintiffs to state a claim for relief under Section 17200's 'unlawful' prong"). Because the Complaint adequately alleges a violation of the FDCPA based on the facts alleged in the Complaint, Plaintiff states a claim under a "borrowed" law. Accordingly, the Complaint adequately states an "unlawful practice" under Section 17200 which may serve as the basis for a UCL claim.

### c.   **Unfair Business Practices**

"An unfair business practice under the UCL is one that either 'offends an established public policy' or is 'immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers.'" *McDonald v. Coldwell Banker,* 543 F.3d 498, 506 (9th Cir. 2008) (citation omitted); *see also Glenn K. Jackson Inc. v. Roe,* 273 F.3d 1192, 1203 (9th Cir. 2001). In the instant case, the Complaint alleges facts which, taken as true, establish that Defendants engaged in an unfair business practice. By stating that Defendants attempted collection of a time-barred debt, the Complaint alleges a business practice that is "substantially injurious to consumers" and offends the established public policy of timely collecting alleged debts. Thus, Plaintiff has sufficiently established a cause of action under the UCL for unfair business practices.

Accordingly, Defendants' motion to dismiss Plaintiff's UCL claim is **GRANTED** insofar as it is based on the furnishing of inaccurate information to credit reporting companies and **DENIED** to the extent it pertains to sending consumers collection letters for time-barred debts and filing lawsuits against consumers for time-barred debts in violation of the UCL's unlawful and unfair business practices prongs.

## CONCLUSION

For the reasons stated, the Court **HEREBY GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss Plaintiff's complaint.  Plaintiff's FCRA claim is **DISMISSED WITH PREJUDICE**.  All other claims are **DISMISSED WITHOUT PREJUDICE**.  If Plaintiff wishes to do so, he may file a First Amended Complaint curing the deficiencies noted for the claims without prejudice within 20 days of this Order being electronically docketed.

IT IS SO ORDERED.

DATED:  August 3, 2010

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge